The opinion of the Court was delivered by
O’Neall, J.
The grounds of appeal, presented by the defendant, do not merit any thing like consideration: but our desire to administer justice, so as to satisfy the most querulous, if possible, leads me to give very summary answers to them.
*153 1st. The character of the defendant was in no shape in issue. She was in court asserting a right, which the plaintiff alleged could not affect her, as a creditor, on account of fraud in the vendor, and in which the defendant might innocently have participated, although she became thereby legally infected. There is one case, where the defendant’s character might be properly given in evidence in defence. Where an actual fraud is charged, perpetrated with a fraudulent intent, and the proof of the charge consists of circumstances, then, good character, as in a case of crime, might be resorted to, as a circumstance to prove innocence. 1 Green. Ev. § 54-5; Smets vs. Plunket, (1 Strob. 372).
2d. Were it not for the age and experience of my friend, the attorney for the defendant, I could not be induced to treat the second ground seriously. In attachment, the party found in. possession of goods, is allowed to claim them, and on filing an affidavit, as garnishee, that he has no goods, chattels, debts, and books of account belonging to the absent debtor, — if the plaintiff is satisfied therewith, there is an end of the matter:— but if he is not. he may file his suggestion contesting the return, and thereupon the defendant is put to plead, and the case is tried like any other case at law. The plaintiff in attachment is bound to shew title in his debtor: if he fails, there is an end of the contest: but if he succeeds, the defendant cannot, as this defendant wished to do, rely upon her return, as garnishee, as evidence. It is nothing in such a contest.
The motion is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion dismissed.